IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WAYNE ANTHONY PARKS,

    Petitioner,                      No. 1:05-cv-00963 ALA (HC)

    vs.

L. CHRONES, Warden,              ORDER

    Respondent.

_____/

    Wayne Anthony Parks ("Petitioner"), a state prisoner proceeding *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) (Doc. 7). Before this Court is Respondent's motion to dismiss (Doc. 13), on the ground that the amended petition is successive. For the reasons set forth below, Respondent's motion to dismiss is granted.

**I**

    On December 20, 2001, a jury found Petitioner guilty of one count of possession of a firearm and misdemeanor obstruction of a peace officer. In a sentencing proceeding conducted on January 16, 2002, the trial court found that Petitioner had two prior serious felony convictions, within the meaning of the three strikes law. The trial court also found that Petitioner has served five prior prison terms for prior felony convictions. On April 12, 2002, the trial court sentenced Petitioner to prison for three years on count one which it doubled to six

1

years pursuant to the three strikes law.  The court imposed five consecutive one-year prison terms as prior prison term enhancements, for a total term of 11 years in state prison.  (Lod. Docs. 1-2).

The California Court of Appeal, Fifth Appellate District affirmed the judgment on March 19, 2004.  (Lod. Doc. 2).  Petitioner sought review in the California Supreme Court which was denied on June 9, 2004.  (Lod. Docs. 3-4).  Petitioner subsequently filed twenty-four *pro se* state post-conviction collateral challenges with respect to the judgment in the state courts, which were all denied.  Additionally, on June 8, 2005, Petitioner filed a prior application for a writ of habeas corpus pursuant to §2254(a) in this Court challenging the same conviction.  *See Parks v. Chrones,* No. 1:05-cv-00741-LJO-DLB.  Petitioner's prior application was denied with prejudice on March 12, 2007.

Petitioner filed the present application on July 27, 2005.  (Doc. 1).  The Amended Petition was filed on April 2, 2007. (Doc. 7).  Respondent filed the instant Motion to Dismiss on November 29, 2007.  (Doc. 13).  Petitioner filed a traverse on January 2, 2008.  (Doc. 15). Respondent filed his reply to Petitioner's traverse on January 16, 2008.  (Doc. 16).

**II**

Respondent's motion to dismiss is based on a violation of 28 U.S.C. § 2244(b)'s prohibition of successive applications for habeas corpus relief.  In the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress set forth gatekeeping provisions significantly restricting the filing of successive applications in district court.  *Barapind v. Reno*, 225 F. 3d 1100, 1100 (9th Circ. 2000).  Successive applications filed pursuant to 22 U.S.C. § 2254(a) shall be dismissed in all cases.  28 U.S.C. 2244(b)(1); *Tyler v. Cain*, 533 U.S. 656, 661 (2001); *Babbitt v. Woodford*, 177 F. 3d 744, 745 (9th Circ. 1999).  This Court has held that AEDPA provisions apply to all successive petitions filed after April 24, 1996.  *United States v. Villa-Gonzalez*, 208 F. 3d 1160, 1163 (9th Circ. 2000).  Since the current application was filed after April 24, 1996, AEDPA is applicable to it.  *Lindh. v. Murphy*, 521 U.S. 320, 327 (1997).  In

light of the claims asserted in Petitioner's past federal habeas corpus challenge to his conviction, his present attack on the same conviction is successive.  28 U.S.C. § 2244(b)(1).

Petitioner previously filed an application for writ of habeas corpus in this Court, challenging the same conviction and sentence.  *See Parks v. Chrone*, No. 1:05-cv-00741-LJO-DLB.  In his June 8, 2005 application, Petitioner listed the following claims: (1) "Juvenile strike was illegal, petitioners six amendment rights under United Statse [sic] consitiution denied," (2) "Trial court would not keep the contract made by juvnile court," (3) "Petitioner was denied, based on penal code (17) Trial court failed to follow penal code," and (4) "Breach of proper use of court procedures Breach of plea agreement made on 8-5-1979 case 49425."  *Id.*

This Court rejected Petitioner's contention in his June 8, 2005 application that the use of the juvenile conviction to enhance his sentence was illegal and violated his Sixth Amendment rights.  Additionally, Petitioner's first application rested on his claim that the use of his 1979 juvenile conviction as a strike prior to enhance his current sentence is a violation of his plea bargain agreement.  This Court found that claim wholly conclusory.   Therefore, Petitioner's first application was denied with prejudice.  In his present application, Petitioner again asserts the same claims. Accordingly, this application is successive and must be denied.

Section 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  Unless the appropriate court of appeals has granted Petitioner leave to file a petition, it must dismiss any second or successive petition.  *Greenawalt v. Stewart*, 105 F.3d 1268, 1277 (9th Cir. 1997).

Here, Petitioner has not obtained an order under 28 U.S.C. § 2244(b)(3)(A) authorizing him to file a second or successive application in this Court.  Thus, the instant application must be dismissed**.**  *Cooper v. Calderon,* 274 F.3d 1270, 1274 (9th Cir. 2001).

///

///

### III

**Accordingly, IT IS HEREBY ORDERED that**:

1. Respondent's motion to dismiss is GRANTED;

2. The application for a writ of habeas corpus is DISMISSED because of Petitioner's failure to comply with 28 U.S.C. § 2244(b)'s proscription against successive petitions; and

3. The Clerk of Court is DIRECTED to enter judgment in favor of the Respondent.

///

DATED: June 18, 2008

                                        /s/ Arthur L. Alarcón
                                        UNITED STATES CIRCUIT JUDGE
                                        Sitting by Designation